UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED
JUL 22 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| Ronald W. Schmid and Terri A. Schmid, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Anthony Bui and SJ Transportation Co., Inc.,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>5:19 CV 01663 |

Plaintiffs, for their cause of action, allege and state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs allege that the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and there is complete diversity of citizenship.

2. Venue in this Court is proper because the motor vehicle collision that gives rise to this action occurred in Wayne County, Ohio.

### PARTIES

3. Plaintiffs are citizens of the State of Wisconsin.

4. Plaintiffs are and at all times material hereto have been husband and wife.

5. Defendant Anthony Bui is a citizen of the State of New Jersey.

6. Defendant SJ Transportation Co., Inc., is a New Jersey corporation with its corporate headquarters in New Jersey.

### FACTUAL BACKGROUND

7. At approximately 9:50 AM on February 20, 2019, plaintiff Ronald W. Schmid was driving a passenger automobile north on SR 57 in Wayne County Ohio.

8. At the above-referenced date and time, defendant Anthony Bui was driving a Peterbilt semi-tractor and trailer south on SR 57.

9. SR 57 is an undivided two-lane public roadway.

10. On the above-referenced date, the above-referenced Peterbilt semi-tractor and trailer was owned by defendant SJ Transportation Co., Inc.

11. On the above-referenced date, defendant Anthony Bui was operating the above-referenced semi-tractor and trailer with the permission and consent of defendant SJ Transportation Co., Inc.

12. At all times material hereto, defendant Anthony Bui was employed by SJ Transportation Co., Inc., and acting within the course and scope of said employment.

13. At the above-referenced time and place, defendant Anthony Bui failed to maintain control of his semi-tractor and trailer and crossed the centerline of SR 57 and collided with the automobile being driven by plaintiff Ronald W. Schmid.

14. The above referenced collision destroyed the vehicle being driven by plaintiff Ronald W. Schmid.

15. The above-referenced collision caused plaintiff Ronald W. Schmid to sustain numerous and severe injuries that required multiple surgeries and extended hospitalization and confinement in Ohio and Wisconsin.

16. One or more of the above-referenced injuries sustained by plaintiff Ronald W. Schmid are permanent in nature and will result in lifelong symptoms and physical and mental impairment, limitation, and disfigurement.

17. As a direct result of the above-referenced injuries, plaintiff Ronald W. Schmid has sustained a loss of income and a diminished or impaired earning capacity.

18. As a direct result of the above-referenced injuries, plaintiff Ronald W. Schmid has incurred and will incur medical and related health care and other expense.

19. As a direct result of the above-referenced injuries, plaintiff Terry Schmid has suffered and will suffer a loss of her husband's support, society, and companionship.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

20. Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further allege as follows:

21. Defendant Anthony Bui had a duty to exercise reasonable care in the operation of the above-referenced Peterbilt semi-tractor and trailer.

22. Defendant Anthony Bui is negligent in his operation of the above-referenced Peterbilt semi-tractor and trailer.

23. Defendant Anthony Bui's above-referenced operation of his Peterbilt semi-tractor and trailer was in violation of Ohio statutes.

24. Defendant SJ Transportation Co., Inc., as the employer of defendant Anthony Bui and the owner of the Peterbilt semi-tractor and trailer being operated by defendant Anthony Bui, is vicariously liable for defendant Anthony Bui's negligence and statutory violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

1. Compensatory damages according to proof, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate Plaintiffs for all of their injuries and damages, both past and present;

2. Special damages according to proof, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate Plaintiffs for all of their

injuries and damages, both past and present, including but not limited to, past and future medical expenses, costs for past and future rehabilitation and/or home health care, lost income, permanent disability, including permanent instability and loss of balance, and pain and suffering;

3. Pre-judgment and post-judgment interest in the maximum amount allowed by law; and

4. Such further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

5. Plaintiffs demand trial by jury of all claims asserted in this Complaint.

Dated: 7-9-19

CIRESI CONLIN LLP

By: _____
Robert J. King, Jr.
225 South Sixth Street, Suite 4600
Minneapolis, MN 55402
T: 612-361-8200
Email: rjk@ciresiconlin.com

**ATTORNEY FOR PLAINTIFFS**