PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD W. SCHMID, *et al.*, | ) |
| | ) CASE NO. 5:19CV1663 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| ANTHONY BUI, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 23] |

Pending is Intervenor Sentry Casualty Company ("Sentry")'s Motion to Intervene. ECF No. 23. The matter has been briefed. ECF Nos. 23, 26, and 29. For the reasons explained below, Intervenor's motion is granted.

**I. Introduction**

Plaintiffs brought this action against Defendants after a car accident on Ohio State Route 57 ("SR 57"). ECF No. 1. Plaintiffs claim Defendant Anthony Bui, the driver of the tractor trailer truck, negligently operated the vehicle by crossing the centerline of SR 57 and colliding with Plaintiff Ronald Schmid ("Schmid"[1])'s automobile. *Id.* at PageID #: 2-3. Schmid sustained injuries that led to multiple surgeries and hospitalization in Ohio and Wisconsin. *Id.* at PageID #: 2.

Schmid works for ABF North America Corp. ("ABF"). ECF No. 23 at PageID #: 102. Sentry provides workers' compensation coverage for ABF's employees. *Id.* After the accident,

---

[1] Although both Plaintiffs have the last name Schmid, the Court refers to Plaintiff Ronald Schmid as Schmid for the sake of brevity in this Order.

Schmid made a claim for worker's compensation benefits, including but not limited to reimbursement of medical expenses and lost wages. *Id*. Sentry's counsel indicates that Sentry has paid workers' compensation benefits to and on behalf of Schmid in an amount of $311,384.67. ECF No. 29-1 at PageID #: 172, ¶ 5. Intervenor filed the pending motion to intervene to protect its statutory subrogation interest pursuant to Minn. Stat. § 176.061(5)(b) and common law subrogation interest. ECF No. 23.

## II. Standard of Review

### A. Rule 24(a)

Under Rule 24(a)(2), a third party may intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In general, "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991) (citations omitted). An intervening party must establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997) (citations omitted). Failure to establish any one of these factors requires that the motion be denied. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

(5:19CV1663)

### B. Rule 24(b)

"To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *Miller*, 103 F.3d at 1248.

### C. Minn. R. Civ. P. 24

Before the Court permits a party to intervene under Minn. R. Civ. P. 24.01, the intervening party mus demonstrate "(1) the motion to intervene was timely; (2) an interest relating to the property or transaction that is the subject of the action; (3) as a practical matter, disposition of the action may impair or impede the party's ability to protect that interest; and (4) the party is not adequately represented by the existing parties." *Van Meveren v. Van Meveren*, 603 N.W.2d 671, 673 (Minn. Ct. App. 1999). All four elements must be satisfied before the Court can permit an intervening party to enter into the litigation. *Minneapolis Star & Tribune Co. v. Schumacher*, 392 N.W.2d 197, 207 (Minn. 1986) (noting that the rule "establishes a 4-part test that a non-party must meet" before the Court permits intervention.

## III. Discussion

Sentry asserts three different statutory bases for intervention: (1) Fed. R. Civ. P. 24(a); (2) Fed. R. Civ. P. 24(b); and (3) Minn. R. Civ. P. 24.01. The Court begins its analysis by determining whether the motion is timely.

### A. Timeliness

The Court begins its analysis by determining whether the motion is timely. In order to intervene as of right, the motion must be timely. *United States v. City of Detroit*, 712 F.3d 925,

3

(5:19CV1663)

930 (6th Cir. 2013) (citation omitted).  The Court applies the same analysis when considering timeliness for permissive intervention.  *Id.* at n.3.  Timeliness is determined by considering the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).  "No one factor is dispositive, but rather the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances."  *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (internal quotation marks and citation omitted).  The Court has discretion to determine whether a motion to intervene is timely.  *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982).  The factors for timeliness under Rule 24 are similar to those that must be considered for intervention pursuant to Minn R. Civ. P. 24.01.  *See Schumacher*, 392 N.W. 2d at 207 (noting that the factors are "how far the suit has progressed, the reason for any delay in seeking intervention, and prejudice to the existing parties because of a delay.") (citation omitted).

The first factor the Court must consider is the stage of the proceedings.  Sentry avers that the motion is timely because "the matter is in the very early stages of litigation and the parties have not yet completed written discovery."  ECF No. 23 at PageID #: 104.  The timing of the intervention alone, however, is "not the determining factor but rather . . . 'all circumstances' must be examined to determine the substantive progress that has occurred in the litigation."

4

(5:19CV1663)

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (citation omitted). "A more critical factor is what steps occurred along the litigation continuum *during*" the time between when the Complaint was filed and the intervenor sought to intervene. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) (emphasis in original). If the parties have "made extensive progress . . . before the [intervenor] moved to intervene then this factor weighs against intervention." *Tennessee*, 260 F.3d at 592 (internal quotations and citation omitted). The parties have engaged in discovery for over two months and discovery regarding liability is set to conclude by January 21, 2020.[2] ECF No. 19 at PageID #: 92. As of the date of this Order, the parties have engaged in at least one deposition. *See* ECF No. 28.; *cf. Stupak-Thrall*, 226 F.3d at 474 ("In this instance case . . . discovery was closed, the experts were producing their reports, and the court's previously identified 'finish line'  final disposition of a case on an expedited track should occur nine to twelve months after the date the complaint is filed  was fast approaching"); *Johnson v. City of Memphis*, 73 F. App'x 123, 132 (6th Cir. 2003) (noting that extensive progress had occurred because "a trial date had been scheduled. . . all witnesses had been identified, expert witnesses had submitted their reports and testified in court, depositions had been taken, and Plaintiffs' motion for partial summary judgment had been granted.") Discovery has not been completed, and there is a likelihood for more discovery regarding damages. *See Hill v. Travelers Cas. and Sur. Co.*, 2015 WL 3440871, at *4 (E.D. Mich. May 28, 2015) ("Because discovery has not yet concluded  indeed, more than 60 days remain in the

---

[2] At the Case Management Conference, the parties indicated that the need for discovery regarding damages might be dependent upon what information is obtained during the first phase of discovery.

5

(5:19CV1663)

discovery period    the motion to intervene is timely.") (citation omitted); *Patel Family Trust v. AMCO Ins. Co.*, 2012 WL 1340371, at *2 (S.D. Ohio Apr. 17, 2012) ("there is no indication the case has progressed beyond initial discovery."). Accordingly, this factor weighs in Sentry's favor.

The second factor, the purpose for intervention, weighs in Sentry's favor. Sentry seeks to protects its legitimate statutory right to payment it is owed.

One particularly pertinent factor is Sentry's failure to promptly intervene despite their knowledge of this action from when it was filed in July 2019. *See* ECF No. 27-6 at PageID #: 147. Sentry fails to explain why it waited four months from when the lawsuit was filed to intervene. *See Tennessee*, 260 F.3d at 549 ("An entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene.") (citations omitted); *Stupak-Thrall*, 226 F.3d at 477-78 (finding there was no timeliness when intervenor "still does not explain their five months of inaction" before attempting to intervene); *but see Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984) ("Although this litigation progressed to the final judgment . . . he had no reason to seek intervention prior to the decision of Triax not to appeal."). Sentry's inaction is further underscored by the fact that it was on notice in April 2019, at least three months beforehand, that this lawsuit was going to be filed. ECF No. 27-8 at PageID # 156. Moreover, Sentry has failed to explain even though it was aware of its interest when the litigation commenced why Plaintiffs would suddenly be unable to represent their interest. *Cf. Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990) ("From the outset of the litigation, the

6

(5:19CV1663)

proposed intervenors knew their interest would be affected. They were not aware, however, that their interest was inadequately represented by the City until the City responded to the plaintiffs' summary judgment motion.") Sentry fails to, let alone attempts to, provide a justification for its untimely intervention. This factor weighs against Sentry's intervention.

The Court must also consider whether the timing of the intervention will prejudice the existing parties in this case. Plaintiffs aver that enabling Sentry to intervene would compromise the jury's ability to properly award damages and is unnecessary in light of Defendants' alleged willfulness to stipulate to the medical expenses. ECF No. 26 at PageID #: 126. Plaintiffs' objections, however, have no bearing because analysis of prejudice to the parties "must be limited to the prejudice caused by *untimeliness*, not the intervention itself." *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013) (citation omitted) (emphasis in original). Plaintiffs fail to explain how the *timing* of Sentry's motion would prejudice them. Accordingly, this factor weighs in Sentry's favor.

In regards to the final factor, the Court finds that there are no unusual circumstances mitigating against or in favor of intervention.

After weighing all the factors, the Court finds that the motion is timely. The Court recognizes that Sentry did not promptly intervene to protect its interest, has been on notice even before the lawsuit was filed, and fails to even attempt to justify waiting to file the motion. Nevertheless, Intervenor has a legitimate interest, the litigation is at an early stage, and despite Intervenor's inaction, the existing parties are not prejudiced by the timing of the intervention.

(5:19CV1663)

These factors when considered in tandem with Sentry's inaction lead the Court to conclude the motion is timely.

### B. Rule 24(a) - Intervention of Right

Aside from being timely, in order to intervene under Rule 24(a) the intervenor must also demonstrate:

> (a) that he has an interest in the property or transaction that is the subject matter of the litigation; (b) that the disposition of the action as a practical matter may impair or impede his ability to protect that interest; and (c) that parties already in the litigation cannot adequately protect that interest.

*Triax Co.*, 724 F.2d at 1227. The factors considered under Minn. R. Civ. P. 24.01 are the same. *See Van Meveren*, 603 N.W.2d at 673. Sentry easily satisfies the first element. The Court must determine whether Sentry has met the two remaining elements.

Sentry must demonstrate that Plaintiffs may impair its ability to protect its interest. Intervenor need only show "that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948). The intervenor's burden for this element is minimal. *Northeast Ohio Coalition for Homeless and Service Employees Intern. Union Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). Sentry is concerned that "any disposition of the instant litigation without its participation could compromise its recovery interest." ECF No. 23 at PageID #: 104. Under this minimal standard, Sentry has satisfied this element. *See Brassi v. Elenbaas Steel Supply Co.*, 2013 WL 3791484, at *2 (W.D. Mich. July 19, 2013) (finding that the Ohio Bureau of Worker's Compensation would be impaired if it did not intervene).

8

Sentry must also demonstrate that Plaintiffs do not adequately represent their interests. Intervenor claims that Plaintiffs' interests converge because Plaintiff Schmid seeks to "maximize his own recovery" and may "seek to limit Sentry's reimbursement right." ECF No. 23 at PageID #: 104. At first glance, Sentry's and Plaintiff Schmid's interests arguably appear the same: to recover damages against Defendants for the injuries caused to Plaintiffs. "Ordinarily, where the intervenor and an existing party have the same ultimate objective in the litigation, the representation of the intervenor's interest by the existing party is presumed to be adequate, and the intervenor bears the burden of demonstrating the inadequacy of that party's representation of [its] interests." *Mills v. Tekni-Plex*, 2011 WL 27076469, at *3 (N.D. Ohio Apr. 29, 2011) (citations omitted). Plaintiff Schmid has an incentive to maximize his recovery, which would include what he owes to Sentry. If there is only a "slight difference in interests" between the intervenor and the existing party, inadequate representation has not been demonstrated. *Jansen*, 904 F.2d at 343 (6th Cir. 1990) (citation omitted). Nevertheless, "interests need not be wholly adverse before there is a basis for concluding that existing representation of a different interest may be inadequate." *Id.* (internal quotation marks and citations omitted). "[T]he Supreme Court has stated that the burden of demonstrating inadequacy of representation is a minimal one." *Triax Co.*, 724 F.2d at 1227 (citation omitted). "[A]n intervenor need only establish that the existing parties '*may* not adequately represent their interests.'" *American Special Risk Ins. Co. ex rel. South Macomb Disposal Auth. v. City of Centerline*, 69 F. Supp. 2d 944, 955 (E.D. Mich. 1999) (quoting *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999) (emphasis added). The burden "is satisfied if the intervenor can show that there is substantial doubt about whether his interests

9

are being adequately represented by an existing party to the case." *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 2010 WL 2670853, at *2 (S.D. Ohio June 29, 2010). Moreover, courts are wary of finding an existing party adequately represents an insurer because "[the] Court cannot foretell the likelihood that Plaintiffs might instead, perhaps for strategic reasons, seek to downplay or ignore" the worker's compensation claim. *Marrico v. Meco Corp.*, 316 F. Supp. 2d 524, 527 (E.D. Mich. 2004); *see also Miracle v. JPVS Imp. Exp., Inc.*, 2019 WL 5729868, at * 2 (N.D. Ohio Nov. 5, 2019) ("the insurer is entitled to intervene in order to protect its statutory subrogation interest") (citation omitted); *Bressi v. Elenbaas Steel Supply Co.*, 2013 WL 3791484, at * 2 (W.D. Mich. July 19, 2013) (finding that "because the existing parties have diverging interests, they will not adequately represent" the insurer's benefits); *Harris v. Gen. Coach Works*, 37 F.R.D. 343, 345 (E.D. Mich. 1964) ("It was held long ago that where the other requirements of that rule are fulfilled, a compensation carrier has a right to intervene under Rule 24(a) where it has the right of subrogation under state law against any recovery by the injured employee against a third party.") (citation omitted); *but see Jenkins v. La-Z-Boy Inc.*, 2009 WL 10710296, at *2 (E.D. Tenn. Sept. 24, 2009) ("the court finds that the interests of the plaintiffs and the [intervenors] in this lawsuit are identical in that both seek maximum compensation from the defendant for the plaintiffs' injuries."). Against this backdrop, the Court finds that Plaintiffs may not adequately represent Sentry's interests.

Accordingly, Petitioner is entitled to intervention of right under Rule 24(a).[3]

---

[3] Because Sentry is entitled to intervene pursuant to Rule 24(a), it also would be entitled to intervene under Minn. R. Civ. P. 24.01.

10

(5:19CV1663)

### C. Rule 24(b) - Permissive Intervention

Even if Sentry is not entitled to intervene as of right, it may join through permissive intervention. Besides being timely, a party may intervene under Rule 24(b)(1)(B) if they have a "claim or defense that shares with the main action a common question of law or fact." The common question of law is whether Defendants are liable for Plaintiffs' injuries. For the reasons explained above, the Court also find that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights" under Rule 24(b)(3).

### IV. Conclusion

For the foregoing reasons, Intervenor's motion is granted. Sentry shall be permitted to intervene as an intervenor plaintiff in this action. The cutoff date for discovery regarding liability shall remain January 21, 2020 and no enlargement will be permitted. ECF No. 19 at PageID #: 92. The Court and the parties will discuss the need for expert discovery and any other discovery regarding damages at the telephonic status conference scheduled for January 27, 2020 at 4:00 p.m. *Id*. Sentry's counsel is expected to be present at the telephonic status conference. Counsel for Plaintiffs Ronald W. Schmid and Terri A. Schmid shall call the Court at (330) 884-7435 with all participants on the line.

    IT IS SO ORDERED.

|   January 22, 2020   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |