**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD W. SCHMID, et al. | ) | CASE NO. 5:19-cv-01663-BYP |
| | ) | |
| Plaintiffs | ) | JUDGE BENITA PEARSON |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION *IN LIMINE*** |
| | ) | **TO EXCLUDE EXPERT OPINIONS** |
| ANTHONY BUI, et al. | ) | **NOT CONTAINED IN PLAINTIFFS'** |
| | ) | **EXPERT REPORTS** |
| Defendants | ) | |
| | ) | |

Defendants, Anthony Bui and SJ Transportation Co., Inc. (collectively, "Defendants"), through counsel, respectfully move this Court for an Order, *in limine*, excluding any and all opinion testimony of Plaintiffs' experts not contained within their expert reports and to further exclude any and all expert opinions of Plaintiffs' witnesses not previously identified by the court-mandated expert disclosure deadline. Permitting Plaintiffs' experts to provide such opinions at trial that are not contained in their respective expert reports would be unduly prejudicial to Defendants, and should therefore be excluded under Evid.R. 403.

As this Court is aware, Plaintiff Ronald W. Schmid ("Plaintiff") and his wife, Terri A. Schmid, (collectively, "Plaintiffs") filed the underlying action on July 22, 2019, against Defendants Anthony Bui ("Mr. Bui") and SJ Transportation Co., Inc. ("SJ") (collectively, "Defendants"). (*See* DOC#1). The underlying action concerns a commercial vehicle accident that occurred on February 20, 2019, in the northbound lanes of SR 57 in Wayne County, Ohio. (*Id*.) Specifically, Plaintiffs allege that Mr. Bui, driving on behalf of and at the direction of SJ,

1

negligently operated his tractor-trailer resulting in a collision with a passenger vehicle being operated by Plaintiff. (*Id*. at pp. 1-2). As a result of the impact, Plaintiff allegedly suffered permanent injuries, loss of income, and diminished or impaired earning capacity. (*Id*. at pp. 2-3). Plaintiff's wife is asserting a claim for loss of consortium. (*Id*. at p. 3).

In support of their claims, Plaintiffs identified Paul Lafferty, MD, Nancy Mitchell, MA, and Justin King, Phys.D as expert witnesses. All three of Plaintiffs' experts issued written reports summarizing their opinions for use at trial by the court-mandated deadline of June 1, 2020, and, critical to the instant Motion, **none of Plaintiffs' experts have provided supplemental opinions and/or reports**. (Emphasis added). (*See* April 16, 2020 Order, DOC# 47). Regardless of those opinions contained in their respective expert reports, during their trial testimony, Plaintiffs' experts offered new opinions not previously disclosed and/or supplemented. Significantly, those new opinions relate to the alleged permanency and future care associated with Mr. Schmid's injuries. Consider the following testimony elicited from Plaintiffs' counsel during Dr. Lafferty's trial testimony taken on August 14, 2020:

> Q: All right. Now what about the left leg, do you have an opinion to a reasonable degree of medical certainty whether the left hip injury resulted in any permanent problems?
>
> A: Yes. (*See* Testimony of Dr. Lafferty at p. 80; l. 4-8, relevant portions attached hereto as **Exhibit A**.)

Consider also the following:

> Q: So that's a permanent and substantial deformity, is it?
>
> A: Yes. (Id. at p. 81; l. 7-9).

Lastly, and in attempt to elicit testimony not contained within Dr. Lafferty's expert report, consider the following:

> Q: Has Mr. Schmid been left with any permanent and substantial physical deformities by virtue of his injuries from this crash.
>
> […]
>
> A: Absolutely. So as it pertains to the X-ray of his pelvis, there is objective deformity of his pelvis that is permanent. (Id. at p. 84; l. 5-15).

It cannot be denied that the aforementioned testimony of Dr. Lafferty was not contained in his expert report authored on April 20, 2020. Dr. Lafferty is the only physician expert identified by the Plaintiff and has authored an 11-page report summarizing his care and opinions in this case. (*See* Report of Paul M. Lafferty, attached hereto as **Exhibit B**.). Throughout the report, Dr. Lafferty specifically reviews the imaging studies and x-rays associated with Mr. Schmid's care and treatment and notes his examinations of Mr. Schmid and specifically concludes that Mr. Schmid has "no deformity." Consider the following:

- July 31, 2019: "focused examination of the right lower extremity demonstrated no deformity" (*Id*. at p. 1) and "focused exam of his left lower extremity demonstrated no obvious deformity" (*Id*. at p.2);

- September 10, 2019: "his x-rays demonstrated stable hardware position and stable fracture alignment. No evidence of migration or failure hardware." (*Id*. at p.4)

- October 8, 2019: "focused exam of the right lower extremity, he demonstrated stable alignment" and x-rays were reviewed and demonstrated stable hardware position and stable alignment." (*Id*. at p. 5)

3

- November 19, 2019: "x-rays revealed stable hardware and stable fracture alignment." (*Id*. at p. 6)

- January 9. 2020: "Exam of the left lower extremity demonstrated no obvious deformity. He had normal alignment." (*Id*. at p. 7)

- January 21, 2020: "Focused exam of bilateral lower extremity demonstrated no deformity with normal stable alignment." (*Id*. at p. 8)

- March 17, 2020: "Focused exam of bilateral lower extremities demonstrated no deformity with normal stable alignment." (*Id*. at p.9)

Based on Dr. Lafferty's report and admissions throughout, Plaintiff has not suffered from a permanent and substantial physical deformity, loss of use of limb or loss of a bodily organ system. And, because Dr. Lafferty has not issued a supplemental expert report as required by the Federal Rules of Civil Procedure, his supplemental opinions regarding permanency and those opinions not contained within his expert report should be excluded as unfairly prejudicial to Defendants and in violation of the Federal Rules of Civil Procedure.

In addition, Plaintiffs will attempt to elicit expert opinions from witnesses who did not previously submit a written expert report prior to the court-mandated deadline. For example, during the trial testimony of Steven Meletiou, M.D. – one of Mr. Schmid's treating providers – Plaintiffs' counsel elicited the following:

> Q: So those are permanent issues he'll have to deal with the rest of his life?
>
> A: Correct.
>
> […]
>
> Q: Now, is Mr. Schmid, because of the wrist injury, also at risk of either further injury or future medical needs?

4

> A: He's certainly at risk for future medical needs for sure, and he's at some risk for developing what's called post-traumatic arthritis, both in the wrist as well as the DRUJ, which are as I said two separate joints. So he's had an injury that involves both of those joints.
>
> He also had some instability of the DRUJ, so he's at some risk of developing arthritis, what we call post-traumatic arthritis, which is arthritis as a result of trauma to a joint. (*See* Testimony of Dr. Meletiou at p. 45; l. 6-21, relevant portions attached hereto as **Exhibit C**.)

Again, these are undoubtedly expert opinions, and it cannot be denied that Dr. Meletiou has not provided a written expert report as required by this Court's Case Management Order. As such, these opinions should be excluded as a matter of law. It cannot be denied that Plaintiffs' delayed disclosure of any new opinions would unduly prejudice Defendants, who have not been given adequate time to prepare a proper defense. The aforementioned testimony of Plaintiffs' witnesses constitutes expert opinions not previously disclosed and should be excluded.

In summary, Plaintiffs were required to identify all expert witnesses by the court-mandated deadline. Thereafter, and per the Federal Civil Rules, Plaintiffs were required to supplement those reports with any new opinions prior to trial. To date, Plaintiffs have provided no supplemental reports. And, as evidenced by Dr. Lafferty's trial testimony, it is apparent that Plaintiffs' experts intend to testify regarding new opinions not contained in their expert reports. Any such efforts should be precluded as a matter of law. Furthermore, Defendants respectfully request that this Court exclude the expert opinions of Dr. Meletiou, as he failed to submit a report summarizing his opinions prior to the mandatory expert report deadline established in the Court's Case Management Order.

Respectfully submitted,

**REMINGER CO., L.P.A.**

 /s/ *Andrew D. Jamison*
Andrew D. Jamison (0069679)
400 Courtyard Square
80 South Summit Street
Akron, Ohio 44308
P: (330) 375-1311
F: (330) 375-9075
E: ajamison@reminger.com

*Attorney for Defendants, Anthony Bui and SJ Transportation Co., Inc.*

**CERTIFICATE OF SERVICE**

    The foregoing was electronically filed on the 8th day of September, 2020, and is accessible to all parties via the Court's electronic filing system.

                                                 */s/ Andrew D. Jamison*
                                                 Andrew D. Jamison (0069679)