UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Ronald W. Schmid and Terri A. Schmid, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Anthony Bui and SJ Transportation Co., Inc.,<br><br>Defendants. | Case No. 5:19-CV-1663<br>Judge Benita Y. Pearson<br><br>**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF COLLATERAL SOURCE PAYMENTS** |

  The trial deposition of Dr. Justin King was taken on September 9, 2020. Dr. King is plaintiff's vocational expert and he testified regarding plaintiff's past wage loss and diminished earning capacity sustained because of the injuries that are the subject matter of this action.

  During cross-examination, defense counsel asked questions of Dr. King regarding plaintiff's receipt of workers' compensation wage loss benefits and income disability insurance benefits. Plaintiff timely objected to this testimony.

  Wage loss benefits have been paid to plaintiff pursuant to Minnesota law. Minnesota statute provides that the employer has a subrogation right where the workplace injury was caused by the negligence of a third party. Minn. Stat. § 176.061. The insurer of plaintiff's employer, Sentry Casualty Insurance Company, intervened in this matter in pursuit of the employer's subrogation claim. Subsequently, Sentry and the plaintiff have compromised Sentry's claim and Sentry has been dismissed. Sentry assigned its rights to plaintiff as a part of their agreement. (King Aff. par. 2)

  Plaintiff has received income disability insurance benefits pursuant to a policy of insurance that he purchased. (Schmidt Aff. par. 2)

  Historically, under the collateral source rule, plaintiff's receipt of benefits from sources other than the wrongdoer is deemed irrelevant and immaterial on the issue of damages.

*Robinson v. Bates*, 857 N.E.2d 1195 (Ohio 2006).  However, the collateral source rule was limited by the Ohio Legislature in 2005.

Pursuant to Ohio statute (emphasis added):

In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the damages that result from an injury, death, or loss to person or property that is the subject of the claim upon which the action is based, <u>except if the source of collateral benefits has a</u> mandatory self-effectuating federal right of subrogation, a contractual right of subrogation, or a <u>statutory right of subrogation or if the source pays the plaintiff a benefit that is in the form of a</u> life insurance payment or <u>a disability payment</u>.

Ohio Rev. Code § 2315.20(A).

Plaintiff's employer has a statutory right of subrogation for benefits paid to or on behalf of plaintiff.  Plaintiff also received disability benefits pursuant to an insurance policy that he purchased.  Accordingly, evidence of receipt of these benefits is irrelevant, immaterial and inadmissible.

Plaintiff requests that the Court order that the jury may not be informed of the fact that plaintiff has received wage loss or disability benefits.

Dated: September 10, 2020        **CIRESI CONLIN LLP**

By: */s/Robert J. King, Jr.*
    Robert J. King, Jr.
    Mathew R. Korte
    Esther O. Agbaje
    225 South Sixth Street, Suite 4600
    Minneapolis, MN 55402
    E-Mail:  RJK@CiresiConlin.com
    T:  (612) 631-8200

**ATTORNEYS FOR PLAINTIFFS**