PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD W. SCHMID, *et al.,* ) | |
| ) | CASE NO. 5:19-CV-1663 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JUDGE BENITA Y. PEARSON |
| ANTHONY BUI, *et al.,* ) | |
| ) | |
| Defendants. ) | **ORDER** [Resolving ECF No. 98] |

Pending is Plaintiffs' Motion *in Limine* to Exclude Evidence of Collateral Source Payments. ECF No. 98. Defendants have not filed a response, and the cutoff for doing so has passed.[1] For the reasons given below, Plaintiffs' Motion is granted.

**I. Background**

On February 20, 2019, Plaintiff Ronald Schmid was driving a rental car north on State Route 57 in Ohio, heading to the airport to return to his home in Minnesota after a business trip. At the same time, Defendant Anthony Bui, employed by Defendant SJ Transportation, Inc., was driving his empty semi tractor-trailer south along the same road. State Route 57 is a two-lane, undivided highway. It was very snowy and windy out, and the tractor-trailer driven by Defendant crossed the center line and collided with the automobile driven by Plaintiff.

---

[1] Although the trial in this matter was continued (ECF No. 108), the Civil Trial Order states, "[m]otions *in limine* . . . shall be filed fourteen (14) days prior to trial. Responses to motions *in limine* shall be filed seven (7) days thereafter." ECF No. 31 at PageID #: 190. Thus, because Plaintiffs' Motion was filed on September 10, 2020, Defendants' response was due no later than September 17, 2020.

(5:19-CV-1663)

Plaintiff Ronald Schmid was severely injured in the collision.  He has received wage loss benefits from his employer's worker's compensation program and disability benefits from an insurance policy that he purchased.  In the instant Motion, Plaintiffs request that the Court order that the jury may not be informed of the fact that Plaintiff Schmid has received wage loss or disability benefits.  ECF No. 98 at PageID #: 964.

## II.  Law and Analysis

At the common law, Plaintiff's receipt of benefits from sources other than the tortfeasor would be excluded under the collateral source rule.  *Robinson v. Bates*, 857 N.E.2d 1195, 1999 (Ohio 2006).  Ohio limited the collateral source rule in 2005, however, with the passage of § 2315.20(A).  That statute provides:

> In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the damages that result from an injury, death, or loss to person or property that is the subject of the claim upon which the action is based, *except if the source of collateral benefits has* a mandatory selfeffectuating federal right of subrogation, a contractual right of subrogation, or *a statutory right of subrogation or if the source pays the plaintiff a benefit that is in the form of* a life insurance payment or *a disability payment*.

Ohio Rev. Code § 2315.20(A) (emphasis added).  Here, as Plaintiffs have evidenced, Plaintiff's employer has a statutory right of subrogation for benefits paid to or on behalf of Plaintiff, and Plaintiff received disability benefits.  ECF Nos. 98-1 and 98-2.  Thus, the statute's exceptions are triggered and the statutory limitations to the collateral source rule do not apply.  The benefits paid to Plaintiff are thus "irrelevant and immaterial," and therefore inadmissable, under Ohio's collateral source rule.  *Pryor v. Webber*, 263 N.E.2d 235, 239 (Ohio 1970).

(5:19-CV-1663)

## IV.  Conclusion

For the reasons stated above, Plaintiffs' Motion *in Limine* to Exclude Evidence of Collateral Source Payments (ECF No. 98) is granted.  The jury may not be informed of the fact that Plaintiff has received wage loss or disability benefits.

    IT IS SO ORDERED.


  February 3, 2021                                  */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                                      United States District Judge