PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD W. SCHMID, *et al.*, | ) | |
| | ) | CASE NO. 5:19-CV-1663 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| ANTHONY BUI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 69] |

Pending is Plaintiffs' Motion for Summary Judgment on Liability. ECF No. 69. The motion has been fully briefed. *See* ECF Nos. 71, 73, 74, and 77. For the reasons given below, Plaintiffs' Motion is granted in part. Summary judgment is granted in favor of Plaintiffs as to Defendants' affirmative defense of contributory negligence. Summary judgment is denied as to Defendants' negligence.

## I. Background

On February 20, 2019, Plaintiff Ronald Schmid was driving a rental car north on State Route 57 in Ohio, heading to the airport to return to his home in Minnesota after a business trip. At the same time, Defendant Anthony Bui, employed by Defendant SJ Transportation, Inc., was driving his empty semi tractor-trailer south along the same road. State Route 57 is a two-lane, undivided highway. It was very snowy and windy out, and the tractor-trailer driven by Defendant crossed the center line and collided with the automobile driven by Plaintiff.

(5:19-CV-1663)

Plaintiffs Ronald Schmid and his wife, Terri, brought this negligence action against Defendants Bui and SJ Transportation, Inc., alleging that the latter is vicariously liable for the negligence of the former. ECF No. 1. In the instant Motion, Plaintiffs argue that "Defendants have asserted that comparative fault and contributory negligence apply as affirmative defenses, but have presented no evidence that Mr. Schmid was negligent in causing this collision." ECF No. 71 at PageID #: 496. Plaintiffs also seek an "order establishing that Defendant Anthony Bui was negligent and that his negligence was the sole cause of the collision and resulting injuries to Mr. Schmid." *Id.*

## II. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely

2

(5:19-CV-1663)

on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). To defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

"The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). The fact under dispute must be "material," and the dispute itself must be "genuine." A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott*, 550 U.S. at 380. In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict. *Id.* ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

### III.  Law and Analysis

Plaintiffs' Motion conflates the issues of whether, on the one hand, Plaintiff Ronald Schmid was contributorily negligent, and on the other hand, whether Defendant Anthony Bui was negligent. It is entirely possible that neither Plaintiff Schmid nor Defendant Bui were negligent,

(5:19-CV-1663)

and their collision was simply an unfortunate and unavoidable result of the poor driving conditions in which it occurred.  The Court extricates these two issues, addressing them separately below.  The parties do not dispute that Ohio law governs this case.

### A. Contributory Negligence

Contributory negligence is an affirmative defense; therefore, Defendants bear the burden of proof.  *Shapiro v. Kilgore Cleaning & Storage Co.*, 156 N.E.2d 866, 872 (Ohio Ct. App. 1959).  Defendants offer two arguments in response to Plaintiffs' Motion.  First, Defendants argue that the Motion was premature because it was filed before the close of expert discovery—Defendants submit that they are "consulting an accident reconstructionist" and may yet submit evidence on the issue of Plaintiffs' negligence (ECF No. 74 at PageID #: 574).  Second, Defendants argue that the undisputed fact that Plaintiff was on the phone at the time of the collision creates a triable issue of fact as to his alleged negligence.

Neither of Defendants' arguments are compelling.  As for the first, expert discovery is now long closed and Defendants have not filed anything indicating they have any expert evidence of Plaintiff's negligence.  As for Defendants' second argument, speaking on the phone while driving is not, without more, negligent under Ohio law.  *See Neu v. Estate of Nussbaum*, 27 N.E.3d 906, 919 (Ohio Ct. App. 2015) ("[E]ven when the evidence is examined in the light most favorable to . . . the nonmoving party, there is no evidence in the record to suggest that [Defendant] . . . was not in reasonable control of his vehicle . . . simply because he was using a cell phone at or near the moment the accident occurred.").

(5:19-CV-1663)

Defendants have submitted no other evidence of Plaintiff's contributory negligence. Speculation about potential issues such as that in Defendants' brief (ECF No. 74 at PageID #: 575) does not a genuine issue of material fact make. There is no evidence from which a reasonable jury could conclude that Plaintiff's negligence contributed to the collision. Summary judgment on the issue of Plaintiff's contributory negligence is, therefore, granted in favor of Plaintiffs.

### B. Defendants' Negligence

Plaintiffs obviously bear the burden of proof for their claim that Defendants negligently caused the collision. *Leslie v. Cleveland*, 37 N.E.3d 745, 749 (Ohio Ct. App. 2015). "A plaintiff alleging negligence must demonstrate the existence of a duty, a breach of that duty, proximate cause, and damages." *Id.* Defendants do not contest that Defendant Bui owed Plaintiff Schmid a duty of reasonable care. ECF No. 5 at PageID #: 16. Plaintiffs, however, have not submitted sufficient evidence that Defendant breached that duty to warrant summary judgment. Indeed, Plaintiffs' papers are bereft of any mention of the elements of negligence, cases applying those elements to factual scenarios, or arguments that the facts in this case meet those elements. *See* ECF Nos. 71 and 77. The mere fact that Plaintiff was not negligent does not mean that Defendant was.

Plaintiffs have failed to show that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment on the issue of Defendants' negligence is, therefore, denied.

5

(5:19-CV-1663)

### IV. Conclusion

For the reasons stated above, Plaintiffs' Motion for Summary Judgment on Liability ([ECF No. 69](#)) is granted in part and denied in part. Summary judgment is granted in favor of Plaintiffs as to Defendants' affirmative defense of contributory negligence. Summary judgment is denied as to Defendants' negligence.

    IT IS SO ORDERED.

| | |
|---|---|
|  February 3, 2021  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson<br>United States District Judge |